■ BARBARA JANOFSKY, Respondent, v RICHARD M. JANOFSKY, Appellant. [648 NYS2d 164] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), entered August 16, 1995, as directed his employer to pay certain retirement benefits to the wife and directed him to choose a certain pension option.

Ordered that the order is modified, on the law and the facts, by deleting from the seventh decretal paragraph the words "At the time of his retirement the Participant is directed to choose Option IV-4, so that in event he dies while the pension is in pay status, the Former Spouse shall receive the same percentage of the retirement allowance as defined under the Coverture Fraction formula"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The court incorrectly directed the husband to choose a specified option under his pension plan which would have reduced the amount of pension he could collect upon retirement in order to provide the wife with benefits in the event he dies after he retires. It is well established that the court shall provide for the disposition of marital property except where the parties have provided for the disposition of their property in an agreement (*see,* Domestic Relations Law § 236 [B] [5] [a]).

Here, the parties entered into a stipulation of settlement

which specifically provided that the wife was to receive death benefits from the husband's pension plan in the event that the husband dies *prior* to his retirement. The stipulation did not provide for death benefits if the husband dies after he retires. Therefore, in this case, the wife has no right to have pension benefits created in the event that the husband dies after his retirement.

The parties' remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.